IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN T. ROMERO, | ) | No. C 08-4675 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION FOR |
| vs. | ) | SUMMARY JUDGMENT |
| | ) | |
| MICHAEL HENNESSEY and JONES | ) | |
| STAR, | ) | |
| | ) | (Docket No. 17) |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that

San Francisco County Sheriff Michael Hennessey ("Hennessey") and San Francisco County

Deputy Sheriff Jones Star ("Jones")[1] violated his Eighth Amendment right to be free from

excessive force. Defendants move for summary judgment, arguing that there is no genuine issue

of material fact and that they are entitled to judgment as a matter of law. Although given an

opportunity, plaintiff has not filed an opposition.

After a review of the record, the court concludes that plaintiff has not shown evidence

that precludes summary judgment. Accordingly, the court GRANTS defendants' motion for

summary judgment.

---

[1] A review of the pleadings reveals that Jones' name is not "Jones Star." Rather,
plaintiff named Deputy Sheriff Jones, Star # 1676.

## BACKGROUND[2]

On July 23, 2008 at San Bruno County Jail, plaintiff was in the education department when he was approached by three unknown deputies who escorted him out of the department to his assigned housing. (Compl. at 3.) After he arrived at his pod, plaintiff asked Jones, his housing deputy, why he was returned and Jones replied that plaintiff's teacher did not want plaintiff there because of "high tension." (Id.) Jones informed plaintiff that if plaintiff had a different class in the afternoon, plaintiff would be allowed to return to school. (Id. at 3-4.)

In the afternoon, plaintiff returned to school for a different class when the same three deputies from earlier stopped him and told him that the principal of the school did not want plaintiff at the school, so the deputies again escorted plaintiff back to his pod. (Id. at 4.) Plaintiff was upset and told Jones. (Id.) Jones began to call plaintiff names and ordered plaintiff to return to his cell. (Id.) Plaintiff returned to his cell and took out a plastic dresser drawer from his cell. (Id. at 5.) He approached Jones and threw the drawer at him. (Id.) In response, a number of unknown deputies tackled plaintiff. (Id.)

Jones kicked plaintiff in his left eye. (Id.) Plaintiff was handcuffed and other unknown officers kicked plaintiff all over his body. (Id.) While plaintiff's hands were in handcuffs behind his back, these other officers yanked his arm so hard that they pulled it out of its socket. (Id.) Plaintiff suffered a swollen left eye and swollen arm. (Id.) Afterward, plaintiff was taken to the hospital where his arm was put back into its socket and a temporary cast was placed. (Id.) Plaintiff was also given pain medication and potentially may need surgery. (Id. at 6.)

## DISCUSSION

A.     Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute

---

[2] The following facts are taken in the light most favorable to plaintiff.

1  as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

2  verdict for the nonmoving party.  Id.

3          The party moving for summary judgment bears the initial burden of identifying those

4  portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

5  issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  Where the moving

6  party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no

7  reasonable trier of fact could find other than for the moving party.  But on an issue for which the

8  opposing party will have the burden of proof at trial, as is the case here, the moving party need

9  only point out "that there is an absence of evidence to support the nonmoving party's case."  Id.

10 at 325.

11         Once the moving party meets its initial burden, the nonmoving party must go beyond the

12 pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

13 genuine issue for trial."  Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over

14 material facts and "factual disputes that are irrelevant or unnecessary will not be counted."

15 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is not the task of the court to

16 scour the record in search of a genuine issue of triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279

17 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable

18 particularity, the evidence that precludes summary judgment.  Id.  If the nonmoving party fails to

19 make this showing, "the moving party is entitled to judgment as a matter of law."  Celotex Corp.,

20 477 U.S. at 323.

21 B.      Evidence Considered

22         A district court can only consider admissible evidence in ruling on a motion for summary

23 judgment.  See Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).

24         Authentication is a condition precedent to admissibility; unauthenticated documents

25 cannot be considered in a motion for summary judgment.  Id.  In a summary judgment motion,

26 documents authenticated through personal knowledge must be attached to an affidavit that meets

27 the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could

28 be admitted into evidence.  Id. at 773-74.  Hearsay evidence also is inadmissible and thus may

1  not be considered on summary judgment.  See id. at 778.

2        Here, in support of their motion for summary judgment, defendants have submitted a

3  declaration by their attorney purporting to authenticate portions of a transcript of a taped

4  interview between two officers at the San Francisco County Jail and plaintiff.  (Decl. Bonta.)

5  However, not only is it unclear whether Mr. Bonta has personal knowledge of what was said at

6  the interview, but the reporter's certificate is unsigned.  The court is unaware of what manner

7  defendants can authenticate the transcript of the interview under Federal Rules of Evidence

8  901(b) or 902.  See Orr v. Bank of America, 285 F.3d 764, 773-74 (9th Cir. 2002).  Accordingly,

9  the court will not consider the transcript in connection with defendants' motion for summary

10 judgment.

11       Plaintiff has not filed an opposition to the motion.  However, plaintiff's verified

12 complaint may be used as an opposing affidavit under Federal Rule of Evidence 56, as long as it

13 is based on personal knowledge and sets forth specific facts admissible in evidence.  See

14 Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).  Accordingly, the court

15 will consider plaintiff's complaint as evidence in opposition of defendants' motion.

16 C.      Plaintiff's Claim

17        Plaintiff alleges that Jones kicked him after he was tackled by unknown deputies,

18 violating his Eighth Amendment right to be free from excessive force.  Defendants respond that

19 plaintiff failed to show that Jones used force maliciously or sadistically for the purpose of

20 causing harm.[3]

21       The treatment a prisoner receives in prison and the conditions under which he is confined

22 are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31

23 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes

24 cruel and unusual punishment forbidden by the Eighth Amendment."  Whitley v. Albers, 475

25

26       [3] Plaintiff does not allege that Hennessey personally participated in or caused the use of
27 force, or neglected to perform any act he had a duty to perform.  Plaintiff has failed to provide
   any evidence at all that Hennessey was involved in any way.  Therefore, plaintiff has not raised a
28 genuine issue of material fact that Hennessey deprived him of a constitutional right, cognizable
   under § 1983.

1  U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  Whenever

2  prison officials stand accused of using excessive force in violation of the Eighth Amendment, the

3  core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore

4  discipline, or maliciously and sadistically to cause harm.  Hudson v. McMillian, 503 U.S. 1, 6-7

5  (1992); Whitley, 475 U.S. at 320-21.

6      The Due Process Clause of the Fourteenth Amendment protects a post-arraignment

7  pretrial detainee from the use of excessive force that amounts to punishment.  Graham v.

8  Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)).

9  The Eighth Amendment excessive force standard for prisoners and the Fourteenth Amendment

10  substantive due process standard for pretrial detainees are analyzed in the same manner.  The

11  analysis of whether the actions of defendants constitute a Fourteenth Amendment violation is

12  informed by White v. Roper, 901 F.2d 1501 (9th Cir .1990). In White, the Ninth Circuit stated

13  that to show a violation of substantive due process, a plaintiff must show "egregious government

14  conduct in the form of excessive and brutal use of physical force."  Id. at 1507 (citations

15  omitted). The four-part test for determining whether such excessive force was used include the

16  following factors: "(1) the need for the application of force; (2) the relationship between the need

17  and the amount of force that was used; (3) the extent of the injury inflicted; and (4) whether

18  force was applied in a good faith effort to maintain and restore discipline."  Id.

19      Here, plaintiff concedes that he ran toward Jones and threw a large plastic drawer at him.

20  By running at and throwing a drawer at Jones, plaintiff "created a need" for Jones and the

21  unknown deputies to "apply reasonable force to control him."  White, 901 F.2d at 1507.  Given

22  that plaintiff threw a large plastic drawer at Jones, it was within Jones' authority to use

23  reasonable force to control plaintiff.

24      Further, even assuming that Jones delivered a kick to plaintiff's eye, as alleged in the

25  complaint, like the plaintiff in White, plaintiff has not provided any evidence outside of his own

26  statements that he was in fact injured, that he sought medical treatment, or that he suffered any

27  permanent injury.  Plaintiff does not allege that Jones continued to engage in using force after

28  kicking him once and after plaintiff was restrained.  It appears that Jones applied force in a good

1  faith effort to maintain and restore discipline.

2      Moreover, the Constitution does not prohibit uses of force that appear unreasonable in

3  hindsight, so long as the officers were acting in good faith and for a legitimate end.  <u>Whitley</u>, 75

4  U.S. at 322.  In order for an excessive force case to go to the jury, the evidence must go "beyond

5  a mere dispute over the reasonableness of a particular use of force or the existence of arguable

6  superior alternatives" to support "a reliable inference of wantonness in the infliction of pain."

7  <u>Id.</u> Without any evidence of injury or bad faith, there are no facts to support a finding of

8  excessive or brutal treatment.  <u>See</u> <u>White</u>, 901 F.2d at 1507; <u>see also</u> <u>Spain v. Procunier</u>, 600

9  F.2d 189, 195 (9th Cir. 1979) (stating that prison guards may use force only in proportion to

10  need in each situation). Viewed in the light most favorable to plaintiff, there is an absence of

11  evidence that Jones' use of force was done with wantonness or an intent to maliciously cause

12  pain.  As a result, plaintiff has not shown evidence that precludes summary judgment.

13                                    **CONCLUSION**

14      The court concludes that plaintiff has failed to raise a genuine issue of material fact as to

15  the allegation that defendants violated his constitutional right to be free from excessive force and

16  that defendants are entitled to judgment as a matter of law.  Accordingly, defendants' motion for

17  summary judgment (docket no. 17) is GRANTED.

18      The clerk shall enter judgment and close the file.

19      IT IS SO ORDERED.

20

21  DATED:  __1/5/10__                        _Ronald M. Whyte_

22                                    RONALD M. WHYTE
                                     United States District Judge

23

24

25

26

27

28